```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

SAMUEL BURFICT                                   CIVIL ACTION

VERSUS                                           NUMBER: 07-9753

CAROL BURFICT MILLS, ET AL.[1]/                  SECTION: "N"(5)
```

### REPORT AND RECOMMENDATION

The above-captioned matter is before the Court pursuant to an order of reference from the District Judge. (Rec. doc. 4).

A review of plaintiff's initial civil pleading and its lengthy attachments reveals a confusing, unintelligible document containing rambling and vague allegations. (Rec. docs. 1-2, 1-3). The nature of plaintiff's cause of action is not readily determinable from a perusal of his principal pleading.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1)

---

[1]/ Plaintiff's state court petition, which was removed to this court by the United States on behalf of President George W. Bush, was actually captioned "Samuel Burfict v. Mafia/'Bad' Masons." (Rec. doc. 1-2, p. 4).

a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, ...".  While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests.  <u>Boudeloche v. Grow Chemical Coatings Corp.</u> 728 F.2d 759, 761-62 (5th Cir. 1984); <u>In Re Santa Barbara Like It is Today Copyright</u>, 94 F.R.D. 105 (D. Nev. 1982).  A complaint which violates Rule 8 may be dismissed when it is "... so verbose, confused and redundant that its true substance, if any, is well disguised." <u>Corcoran v. Yorty</u>, 347 F.2d 222, 223 (9th Cir.), <u>cert. denied</u>, 382 U.S. 966, 86 S.Ct. 458 (1965); <u>Lowery v. Hauk</u>, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976). Furthermore, a complaint may be dismissed <u>sua sponte</u> when it "... is facially frivolous and insubstantial, ... [and] is [therefore] insufficient to invoke the jurisdiction of a federal court." <u>Dilworth v. Dallas County Community College District</u>, 81 F.3d 616, 617 (5th Cir. 1996); <u>Curtis v. Taylor</u>, 625 F.2d 645, 649-50 (5th Cir.), <u>modified on other grounds</u>, 648 F.2d 946 (5th Cir. 1980); <u>see also Wohlfahrt v.</u>

Memorial Medical Center, 658 F.2d 416, 417 (5th Cir. 1981).

Reading plaintiff's petition in the liberal manner afforded to pro se pleadings, it is obvious that it is so confusing, incomprehensible, and vague that its true substance, if any, is impossible to ascertain. Defendant(s) cannot reasonably be expected to respond to such an unintelligible pleading. Although this case was removed from state court, the Federal Rules govern the form of pleading. 5 Wright & Miller, Fed. Practice and Proc. §1204 (3rd ed. 2004). It will therefore be recommended that plaintiff's complaint be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a comprehensible cause of action.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice unless, within twenty (20) days of today's date, he amends said complaint to set forth a comprehensible cause of action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  29th  day of      January      , 2008.

_____
UNITED STATES MAGISTRATE JUDGE
